UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                Case No. 23-41541

STEVEN PAUL COGSWELL,                        Chapter 13

            Debtor.                                       Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING CREDITOR'S MOTION TO DISMISS THIS CASE**

This Chapter 13 case is before the Court on a motion to dismiss the case, entitled "Creditor, Rebekah Beutenmiller's Motion to Dismiss Chapter 13 Case" (Docket # 31, the "Motion"). The Debtor filed an objection to the Motion, and the Court held a telephonic hearing on the Motion on June 8, 2023. The attorney for the creditor, Rebekah Beutenmiller (the "Creditor"), the Debtor's attorney, and the attorney for the Chapter 13 Trustee appeared at the hearing. Also appearing at the hearing was an attorney for another creditor, Stacy Glass, who merely stated that Ms. Glass consents to the dismissal of this case as requested by the Creditor. At the conclusion of the hearing, the Court took the Motion under advisement.

The Court will deny the Creditor's Motion, for the reasons stated below.

The Creditor seeks dismissal of this case on the ground that the Debtor is not eligible to be a debtor in Chapter 13 under 11 U.S.C. § 109(e), because the Debtor's debts exceed the $2.75 million limit in § 109(e). But the Court finds otherwise.

The current version of § 109(e), which applies to this case,[1] states:

> Only an individual with regular income that owes, on the date of
> the filing of the petition, noncontingent, liquidated debts of less

---

[1] The current version of § 109(e) reflects an amendment that became effective on June 21, 2022. This amendment will sunset on June 21, 2024, unless it is extended. This Chapter 13 case was filed on February 22, 2023.

> than $2,750,000 or an individual with regular income and such
> individual's spouse, except a stockbroker or a commodity broker,
> that owe, on the date of the filing of the petition, noncontingent,
> liquidated debts that aggregate less than $2,750,000 may be a
> debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

The Creditor argues that the Debtor's "noncontingent, liquidated debts" on the petition date exceed $2,750,000.00. The Debtor disagrees. The Court agrees with the Debtor, but for reasons that are different from those argued by the Debtor.

In previous published opinions, this Court has discussed how the courts must determine what the amount of a debtor's "noncontingent, liquidated" debts are as of the petition date, for purposes of § 109(e). *See In re Kwiatkowski*, 486 B.R. 409, 413-15 (Bankr. E.D. Mich. 2013); *In re Bello*, 609 B.R. 695, 698-99 (Bankr. E.D. Mich. 2019); *In re Koleit*, 613 B.R. 890, 893 (Bankr. E.D. Mich. 2020). The Court incorporates by reference its discussion from these previous cases.

As noted in *Kwiatkowski*, "'Chapter 13 eligibility should normally be determined by the debtor's schedules checking only to see if the schedules were made in good faith.'" *Kwiatkowski*, 486 B.R. at 414 (citation omitted) (quoting *Comprehensive Acct. Corp. v. Pearson (In re Pearson)*, 773 F.2d 751, 757 (6th Cir. 1985)).

The Debtor filed his schedules in this case on February 24, 2023,[2] two days after filing his bankruptcy petition. Schedule D lists a secured claim in the amount of $219,945.00. Schedule E/F lists unsecured priority claims totaling $21,183.00, and unsecured non-priority claims totaling $2,446,464.04. As the Creditor correctly points out, the total of these scheduled debts is

---

[2] Docket # 12.

2

$2,687,592.04.

With one exception, none of the debts listed in the Debtor's schedules is listed as "Contingent," "Unliquidated," or "Disputed." The one exception is a debt for $30,000.00 to JP Morgan Chase listed in Schedule E/F, which the Debtor lists as "Contingent" and "Disputed."[3] The Creditor argues that the Court should consider this debt as noncontingent and liquidated under § 109(e). The Debtor disagrees. The Court does not need to resolve this disputed point, however, because even if the Court includes this $30,000.00 debt in the total, the Debtor's debts do not exceed $2.75 million.

The Creditor argues that the Debtor's Schedule E/F does not list the correct amount of three separate judgment debts, each of which is in the principal amount of $800,000.00. The Creditor and two other creditors each obtained a separate $800,000.00 judgment against the Debtor, in a case before the United States District Court for the Eastern District of Michigan, entitled *Rebekah Buetenmiller, et al. v. Macomb County, et al.*, Case No. 2:20-cv-11031 (the "District Court Judgments"). Each judgment was entered on July 8, 2022.[4]

The Debtor's Schedule E/F lists these three judgment debts in the amount of $800,000.00 each, without including any post-judgment interest. The Creditor argues that the actual amount of the debt on each of these judgments is higher, because the debts include post-judgment interest that accrued from the date of the judgments (July 8, 2022) to the date on which the Debtor filed his bankruptcy petition (February 22, 2023). The Creditor is correct about this, but the Creditor

---

[3] *See id.* at pdf p. 16, item 4.4.

[4] A copy of the District Court Judgment is attached as Exhibit 2 to the Creditor's Motion, at pdf pp. 23-24.

has overstated the amount of the post-judgment interest.

Under 28 U.S.C. §§ 1961(a) and 1961(b), post-judgment interest automatically accrued on the District Court Judgments from the date of their entry. Those subsections of § 1961 state, in pertinent part:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
>
> (b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

28 U.S.C. § 1961.

The Creditor has filed a spreadsheet on which she calculates that the post-judgment interest on her $800,000.00 judgment, from the date of the judgment to the bankruptcy petition date, is $21,548.60.[5] The Creditor multiplies that amount by three to calculate the post-petition judgment on the three $800,000.00 judgments, for a total of $64,645.80. The Creditor argues that this amount must be added to the Debtor's debts, for purposes of § 109(e), and that when this is done, the Debtor's total noncontingent, liquidated debts as of the petition date exceed the $2.75 million limit in § 109(e).

If the Court adds the alleged post-judgment interest of $64,645.80 to the $2,687,592.04 total of debts listed in the Debtor's Schedules D and E/F, the total of debts is $2,752,237.84. If

---

[5] *See* Exhibit 4 to the Motion.

4

this were the correct debt total under § 109(e), it would make the Debtor ineligible for Chapter 13.

The Court finds, however, that the Creditor has not correctly calculated the amount of the post-judgment interest. The correct method of calculating the post-judgment interest on the Creditor's $800,000.00 judgment is as follows.

First, the applicable interest rate is 2.85% per annum, which, in the words of 28 U.S.C. § 1961(a), is the rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."[6]

Second, that interest rate does not change — as indicated by the wording of § 1961(a) just quoted, the interest rate is the same for all time after entry of the judgment. *See, e.g., Kaiser Alum. & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 838-39 (1990).[7]

Third, under § 1961(b), the interest is "computed daily," but is only "compounded annually."[8]

Given these rules, the correct interest amount is $14,304.66. This is derived by

---

[6] Federal interest rates for civil judgments can be found at https://jnet.ao.dcn/financial-management/accounting/post-judgment-interest-rates. In order to find the interest rate for a judgment entered on July 8, 2022, it is necessary to input "July 2022" in the "HISTORICAL RATE INFORMATION" search bar. The interest rate applicable under 28 U.S.C. § 1961 to a judgment entered on July 8, 2022 is the interest rate for preceding calendar week – the week ending on July 1, 2022, which was "2.85%." A copy of information from this website is attached to this Opinion and Order.

[7] The Creditor's interest calculation uses interest rates that change weekly after the entry of the judgment. That is incorrect. The post-judgment interest rate for the Creditor's judgment remains at 2.85% per annum.

[8] The Creditor's interest calculation appears to compound the interest *weekly*. But compounding is annually only, and because less than a year passed from the date of entry of the judgment to the date on which the Debtor filed his bankruptcy petition, there is no compounding.

multiplying $800,000.00 by .0285 (= $22,800.00), then dividing that by 365 to get a daily interest amount (= $62.4657534), then multiplying that by the 229 days that passed from the date of entry of the judgment to the bankruptcy petition date (= $14,304.66). (Interest accrued on the full $800,000.00, because the Debtor made no payments on any of the $800,000.00 judgments.)

Thus, the Creditor's interest calculation of $21,548.60 per judgment is too high. The correct amount is $14,304.66 per judgment, for a total post-judgment interest amount on the three judgments of $42,913.97.[9] When that amount is added to the Debtor's total scheduled debt amount of $2,687,592.04, the total is $2,730,506.01. That is below the $2.75 million debt limit in § 109(e), so the Debtor is eligible to be a debtor in Chapter 13. The Motion must be denied.

For the reasons stated above,

IT IS ORDERED that the Motion (Docket # 31) is denied.

IT IS FURTHER ORDERED that the bench opinion hearing scheduled for June 22, 2023 at 2:00 p.m. is cancelled, as no longer necessary.

**Signed on June 12, 2023**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[9] A review of the United States District Court's docket shows that no costs or attorney fees were taxed against the Debtor in connection with the District Court Judgments. So the full amount of the judgment debt owing by the Debtor to each of the three judgment creditors, as of the bankruptcy petition date, was $814,304.66.

6

23-41541-tjt    Doc 49    Filed 06/12/23    Entered 06/12/23 10:35:14    Page 6 of 7

# Post Judgment Interest Rates

## Current Rate

The current rate for the week ending **June 2, 2023** is **5.18%** for civil judgments entered **June 5 - 11, 2023**.

The current rate applicable under the statutes referenced below is provided by the Federal Reserve and published each Monday for the prior week (unless that day is a holiday, in which case the rate is published on the next business day).

In cases where the judgment date is the same as the release date, select the prior week's release rate; interest rate releases are considered to be issued at the close of business on the date of release.

## Historical Rate Information

To search, type month and year (Example: May 2018)

| Week ending | For civil judgments entered | Rate |
| --- | --- | --- |
| July 29, 2022 | August 1 - 7, 2022 | 3.01% |
| July 22, 2022 | July 25 - 31, 2022 | 3.12% |
| July 15, 2022 | July 18 - 24, 2022 | 3.11% |
| July 8, 2022 | July 11 - 17, 2022 | 2.86% |
| July 1, 2022 | July 4 - 10, 2022 | 2.85% |

Previous  Next

## Policy Guidance

Interest is allowed on most judgments entered in the federal courts from the date of judgment until paid. The types of judgments generally fall under one of three statutes:

- 28 U.S.C. § 1961 governs civil and bankruptcy adversary judgment interest
- 18 U.S.C. § 3612 (f)(2) governs criminal judgments or sentences
- 40 U.S.C. § 3116 governs deficiency judgments in condemnation proceedings

The Federal Reserve Board publishes the following interest rates regarding Selected Interest Rates (H.15) for the following: federal funds (effective), commercial paper, bank prime loan, discount window primary credit, and U.S. Treasury securities. Note: For more information on H.15, see Selected Interest Rates - H.15.

The interest rate for calculating the amount of post judgment interest is the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System. The rate is utilized differently under each of the above-referenced statutes. To determine how to apply a rate to a particular judgment, statutory references should be checked for the latest changes using reliable statutory databases such as Westlaw, Lexis, or other appropriately maintained sources of the U.S. Code.